# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1297V
Filed: August 16, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CATHY MULLEN, | \* |
| | \* |
| Petitioner, | \* |
| | \*   Influenza ("flu") vaccine; |
| v. | \*   Parsonage-Turner syndrome; |
| | \*   Epstein-Barr virus; Herpes |
| SECRETARY OF HEALTH | \*   Simplex virus; no expert report |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Scott W. Rooney</u>, Farmington Hills, MI, for petitioner.
<u>Jennifer L. Reynaud</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On September 20, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on September 25, 2014 caused her Parsonage-Turner syndrome ("PTS"). Pet. ¶ at 18. Petitioner's plexopathy began August 1, 2014, before her flu vaccination on September 25, 2014.

The medical records show that petitioner's PTS is due to an Epstein-Barr virus ("EPV") or herpes simplex virus ("HSV") infection. Med. recs. Ex. 7, at 43. The shooting pains in her left arm are secondary to her overusing that arm due to her right arm being weak. <u>Id.</u> As Dr. Anne M. Pawlak wrote on April 16, 2015, petitioner's plexopathy was thought due to a varicella infection with secondary autoimmune response. <u>Id.</u> at 48. Petitioner's varicella IgM (denoting recent or current infection) on February 2, 2015 was 1.18 when the normal reference range is

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

zero to 0.90.  Med. recs. Ex. 7, at 39.   Her varicella antibody IgG was elevated at 4,000 when normal is less than 135.  Med. recs. Ex. 3, at 75.  Her herpes 1 and herpes 2 IgG were also elevated at 42.90 (normal range zero to 0.90) and 5.35 (normal range zero to 0.90), respectively.  Med. recs. Ex. 7, at 23.  Her Epstein-Barr virus was reactivated with NUC AG elevated at 534.0 (normal less than 18.0), early AG elevated at 129.0 (normal less than 9.0), and VCA IgG elevated at 750 (normal less than 18.0).  Id. at 22.  Petitioner was treated with antiviral medication.

The Federal Circuit in Capizzano v. Sec'y of HHS, 440 F.3d 1317, 1326 (Fed. Cir. 2006), emphasized that the special masters are to evaluate seriously the opinions of petitioner's treating doctors since "treating physicians are likely to be in the best position to determine whether a logical sequence of cause and effect show[s] that the vaccination was the reason for the injury."  See also Broekelschen v. Sec'y of HHS, 618 F.3d 1339, 1347 (Fed. Cir. 2010); Andreu v. Sec'y of HHS, 569 F.3d 1367, 1375 (Fed. Cir. 2009).  Petitioner's treating doctors in this case ascribe her PTS to a viral infection, either varicella (chickenpox), another herpes infection, or a reactivated Epstein-Barr virus.

On November 22, 2017, the undersigned issued her first Order to Show Cause in this case.  Petitioner continued filing medical records until filing a Statement of Completion on January 30, 2018.

Also on January 30, 2018, petitioner filed a status report requesting an extension of time until April 30, 2018 to file expert reports from a neurologist and immunologist, their CVs, and any medical literature cited in the reports.  On the same day, the undersigned granted petitioner's informal motion for an extension of time until April 30, 2018.

On April 30, 2018, petitioner filed a motion for an extension of time until June 14, 2018 to file expert reports from a neurologist and immunologist, their CVs, and any medical literature cited in the reports.  On the same day, the undersigned granted petitioner's motion for an extension of time until June 14, 2018.

On June 18, 2018, petitioner filed a motion for an extension of time until July 30, 2018 to file expert reports from a neurologist and immunologist, their CVs, and any medical literature cited in the reports.  Petitioner's counsel states in the motion that he has "not been able to get the experts to finalize their opinions as yet."  Mot. at 1.  On the same day, the undersigned granted petitioner's motion for an extension of time until July 30, 2018.

On August 2, 2018, the undersigned issued a second Order to Show Cause.

After the undersigned issued her second Order to Show Cause, that same day, petitioner filed another motion for extension of time until August 23, 2018 to file two expert reports.  On the same day, the undersigned granted petitioner's motion for an extension of time until August 23, 2018.

On August 16, 2018, petitioner filed a status report stating that the neurologist and immunologist whom petitioner's counsel contacted to serve as experts told him that "they could not proceed with demonstrating a relationship between the vaccination and injury." Mot. at 1.

Petitioner stated in a status report filed January 30, 2018 that she had communicated with a neurologist and immunologist who were willing to review the medical records, and requested 90 days to file these expert reports. She has failed to do so in the six and one-half months since then. In fact, these experts informed petitioner's counsel that they cannot support petitioner's allegations.

This petition is **DISMISSED** for failure to prove a prima facie case.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for flu vaccine, she would not have PTS, but also that flu vaccine was a substantial factor in causing her PTS. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

The medical records do not support petitioner's allegation. On the contrary, petitioner's treating doctors ascribe her PTS to a viral infection, either varicella (chickenpox), another herpes viral infection, or a reactivated Epstein-Barr virus.

Petitioner has not filed any expert medical reports supporting her allegation even though an expert neurologist and expert immunologist spent the last six and one-half months reviewing petitioner's medical records. Their conclusion was they cannot support petitioner's allegation of vaccine causation.

The petition is **DISMISSED** for failure to make a prima facie case.

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 16, 2018                                    /s/ Laura D. Millman
                                                              Laura D. Millman
                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.