# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1297V
Filed: December 11, 2018
Not to be Published

```
*************************************
CATHY MULLEN,                       *
                                    *
                                    *
            Petitioner,             *
                                    *    Attorneys' fees and costs decision;
   v.                               *    lack of reasonable basis
                                    *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

<u>Scott W. Rooney</u>, Farmington Hills, MI, for petitioner.
<u>Jennifer L. Reynaud</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On September 20, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered in her left deltoid on September 25, 2014 caused a severe exacerbation of a prior condition occurring on August 1, 2014 of sudden pain in her right shoulder, right arm, right hand, upper back, and all over her body, causing her brachial plexopathy ("Parsonage-Turner syndrome" or "PTS"). Pet. ¶¶ at 4, 9, 26.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document=s disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On August16, 2018, the undersigned dismissed the case. On November 21, 2018, petitioner filed a motion for attorneys' fees and costs. For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

## PROCEDURAL HISTORY

On November 22, 2017, the undersigned issued her first Order to Show Cause in this case. In light of the medical records, the undersigned questioned vaccine causation based on petitioner's treating doctor's diagnosis that petitioner's right plexopathy was thought due to a varicella infection, another herpes infection, or a reactivated Epstein-Barr virus with secondary autoimmune response. Doc 10, at 1.

Petitioner continued filing medical records until filing a Statement of Completion on January 30, 2018. Also on January 30, 2018, petitioner filed a status report requesting an extension of time until April 30, 2018 to file expert reports from a neurologist and immunologist, their CVs, and any medical literature cited in the reports. On the same day, the undersigned granted petitioner's informal motion for an extension of time until April 30, 2018.

On April 30, 2018, petitioner filed a motion for an extension of time until June 14, 2018 to file expert reports from a neurologist and immunologist, their CVs, and any medical literature cited in the reports. On the same day, the undersigned granted petitioner's motion for an extension of time until June 14, 2018.

On June 18, 2018, petitioner filed a motion for an extension of time until July 30, 2018 to file expert reports from a neurologist and immunologist, their CVs, and any medical literature cited in the reports. Petitioner's counsel states in the motion that he has "not been able to get the experts to finalize their opinions as yet." Doc 21, at 1. On the same day, the undersigned granted petitioner's motion for an extension of time until July 30, 2018.

On August 2, 2018, the undersigned issued a second Order to Show Cause. Again, the undersigned evaluated petitioner's issue regarding vaccine causation by emphasizing petitioner's treating doctors ascribing petitioner's PTS to a viral infection, either varicella, another herpes infection, or a reactivated Epstein-Barr virus. Doc 22, at 2. The undersigned noted that eight months passed since her first Order to Show Cause and petitioner had not shown why her case should not be dismissed. Id.

After the undersigned issued her second Order to Show Cause, that same day, petitioner filed another motion for extension of time until August 23, 2018 to file two expert reports. On the same day, the undersigned granted petitioner's motion for an extension of time until August 23, 2018.

On August 16, 2018, petitioner filed a status report stating that the neurologist and immunologist whom petitioner's counsel contacted to serve as experts told him that "they could

not proceed with demonstrating a relationship between the vaccination and injury." Doc 24, at 1. On the same day, the undersigned dismissed the case for failure to make a prima facie case.

On November 21, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $8,780.00 in attorneys' fees, $3,934.51 in attorneys' costs, and $190.52 in petitioner's costs, for a total request of $12,905.03.

On December 4, 2018, respondent filed a response to petitioner's motion for attorneys' fees and costs stating that an objection to a fee application is not required for a fee award reduction or denial. Doc 30, at 2 (citing Scharfenberger v. Sec'y of HHS, 124 Fed. Cl. 225, 234 (2015); Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 318 (2008); Carrington v. Sec'y of HHS, 85 Fed. Cl. 319, 323 (2008)). Respondent requests that the Special Master exercise her wide discretion to determine the reasonableness of petitioner's requests for attorneys' fees and costs. Id. at 2-3.

This matter is now ripe for adjudication.

## DISCUSSION

### I. Entitlement to Fees Under the Vaccine Act

#### a. Legal Standard

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. Deciding whether a claim was brought in good faith and had a reasonable basis "is within the discretion of the Special Master." Simmons v. Sec'y of HHS, 128 Fed. Cl. 579, 582 (2016), aff'd, 875 F. 3d 632 (Fed. Cir. 2017) (quoting Scanlon v. Sec'y of HHS, 116 Fed. Cl. 629, 633 (2014) (citing Davis v. Sec'y of HHS, 105 Fed. Cl. 627, 633 (2012)). In determining reasonable basis, the Federal Circuit has clarified in Simmons that it is "an objective inquiry unrelated to counsel's conduct." Simmons, 875 F. 3d at 636.

#### b. Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that

3

the petition was filed in good faith. Grice, 36 Fed. Cl. at 121. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied. However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring her claim.

Simmons holds that the reasonable basis analysis must focus on whether there is evidentiary support for the claim set forth in the petition. Simmons, 875 F. 3d at 636. In keeping with the Vaccine Act and the Federal Circuit's decision in Simmons, the undersigned applies the reasonable basis standard by focusing on the objective evidence only. After she reviewed petitioner's medical records, the undersigned issued an Order to Show Cause on November 22, 2017 addressing petitioner's issue with showing causation when her treating doctors had attributed her injuries to an infection. Doc 10, at 1-2. Petitioner's claim was solely based on her view that her pre-vaccination pain in her right arm was exacerbated by the flu vaccine causing her PTS. This is unsupported by objective evidence. In fact, contrary to petitioner's belief, the medical records filed showed lab results and conclusions by various specialists that provided alternative causation for petitioner's conditions. Med. recs. Ex. 3, at 75; Ex. 6, at 3; Ex. 7, at 22-23, 39, 44, 48. Petitioner had no reasonable expectation that she would prove that the flu vaccine caused her PTS when her allegations were unsubstantiated by any medical records or medical opinion.

Petitioner's request for attorneys' fees and costs claimed that retention of petitioner's counsel occurred within 15 days of the Statute of Limitations expiring. Doc 29, at 1. The Federal Circuit has clarified in Simmons that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition. That is an objective inquiry unrelated to counsel conduct." Simmons, 875 F. 3d at 636.

## CONCLUSION

The undersigned finds that an award of attorneys' fees and costs to petitioner is unreasonable. Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**


Dated: December 11, 2018                         /s/ Laura D. Millman
                                                     Laura D. Millman
                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.