# In the United States Court of Federal Claims

No. 17-1297V

(Filed Under Seal: June 11, 2019)

(Reissued: June 27, 2019)[1]

```
*************************************
                                    *
CATHY MULLEN,                       *
                                    *
                 Petitioner,        *
                                    *   Vaccine Act Case; Review of Claim for
v.                                  *   Attorneys' Fees and Costs; Reasonable
                                    *   Basis for Filing; Recovery of Fees by
SECRETARY OF HEALTH                 *   Unsuccessful Petitioner, Standard of
AND HUMAN SERVICES,                 *   Review.
                                    *
                 Respondent.        *
                                    *
*************************************
```

*Scott W. Rooney*, Nemes Rooney P.C., Farmington Hills, Michigan, for Petitioner.

*Jennifer L. Reynaud,* with whom were *Joseph H. Hunt,* Assistant Attorney General, *C. Salvatore D'Alessio,* Acting Director, Torts Branch, Civil Division, *Catharine E. Reeves*, Deputy Director, Torts Branch, Civil Division, *Alexis B. Babcock*, Assistant Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

OPINION AND ORDER

WHEELER, Judge.

This case is before the Court on Petitioner's Motion for Review of the Special Master's decision denying Petitioner's motion for attorneys' fees and costs. Mullen v. Sec'y of Health & Human Servs., No. 17-1297V, 2018 WL 6975232 (Fed. Cl. Spec. Mstr.

---

[1] Pursuant to Rule 18(b) of the Court's Vaccine Rules, this opinion and order was initially filed under seal. As required under the Rules, each party was afforded 14 days from the date of issue, until June 25, 2019, to object to the public disclosure of any information furnished by that party. Neither party submitted any proposed redactions.

Dec. 11, 2018) ("Fee Decision").  For the reasons explained below, the Court affirms the Special Master's decision.

## Background

On September 20, 2017, Petitioner filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1-34 ("Vaccine Act").  She claimed that a flu vaccination given in her left arm on September 25, 2014, had severely exacerbated a prior condition of sudden pain in her right shoulder, right arm, right hand, upper back and all over her body, which was diagnosed as brachial plexopathy or Parsonage-Turner Syndrome (PTS).  Fee Dec. at 1.  Petitioner filed medical records shortly thereafter.  Dkt. No. 7.

On November 22, 2017, the Special Master filed the first Order to Show Cause in this case, pointing out that the medical records showed that "Petitioner's treating doctors in this case ascribe her PTS to a viral infection, either varicella (chickenpox), another herpes infection, or a reactivated Epstein-Barr virus."  Dkt. No. 10 at 2.  The Special Master noted that vaccine case law requires special masters to pay serious attention to the opinions of treating physicians.  For those reasons, the Special Master ordered Petitioner to show cause why the case should not be dismissed.  After a status conference on November 28, 2017, the Special Master ordered that Petitioner could consult a neurologist or immunologist to review the medical records "to see if an expert will support her allegations" and then to report back to the Court how she wished to proceed.  Dkt. No. 11.  The deadline for filing that information was extended repeatedly by request of Petitioner, and on August 2, 2018, the Special Master filed a second Order to Show Cause, noting that eight months had passed since the first Order to Show Cause and no expert reports or medical literature had been filed.  Dkt. No. 22.  On August 16, 2018, Petitioner filed a Status Report indicating that the experts consulted were unwilling to support Petitioner's claim that the flu vaccine contributed to Petitioner's condition.  The Special Master then entered a decision dismissing the petition for failure to make a prima facie case.  Mullen v. Sec'y of Health & Human Servs., No. 17-1297V, 2018 WL 4390646 (Fed. Cl. Spec. Mstr. Aug. 16, 2018) ("Compensation Decision").

Petitioner subsequently filed a motion for attorneys' fees and costs, seeking to recover approximately $12,900.  Dkt. No. 29.  In December 2018, the Special Master issued the Fee Decision under review here, denying Petitioner's request for fees in its entirety.

## Standard of Review

This Court has jurisdiction to review decisions of the Special Masters in accordance with 42 U.S.C. § 300aa-12(e)(1)-(2).  The Court may set aside a Special Master's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law." § 300aa-12(e)(2)(B).  A Special Master's decision on the award of attorneys' fees to unsuccessful petitioners is discretionary, and thus is reviewed under an abuse of discretion standard.  Saxton v. Sec'y Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).  If the Special Master "considered the relevant evidence, drew plausible inferences, and articulated a rational basis" for its decision on the award of attorneys' fees and costs, the Court will not find an abuse of discretion.  Graham v. Sec'y of Health & Human Servs., 124 Fed. Cl. 574, 578 (2015) (quoting Masias v. Sec'y of Health & Human Servs., 634 F.3d 1283, 1290 (Fed. Cir. 2011)).

Law Governing Recovery of Fees

The Vaccine Act permits the award of attorneys' fees and costs even for unsuccessful petitioners, if the Special Master or Court determines that the petition was brought in good faith and also that there was a "reasonable basis" for the claim.  42 U.S.C. § 300aa-15(e)(1).  The question of having a reasonable basis for the claim is the focus of this review, since Petitioner's good faith in filing is not challenged.  An unsuccessful petitioner seeking fees has the burden to affirmatively demonstrate that the petition has a reasonable basis.  McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 304 (2011), citing Perreira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994).  The statute sheds no further light on the meaning of "reasonable basis" in this context; however, in Simmons v. Sec'y of Health and Human Servs., 875 F.3d 632 (Fed. Cir. 2017), the Federal Circuit recently clarified this standard.  While determination of good faith is a subjective judgment, reasonable basis is determined on an objective basis, inquiring as to evidentiary support for the claim described in the petition.  Simmons, 875 F.3d at 636.  In this regard, an imminent statute of limitations deadline "has no bearing on whether there is a reasonable factual basis" for Petitioner's claim.  Id.

Special Master's Decision

In rejecting Petitioner's claim for attorney fees, the Special Master observed that Petitioner's claim was "unsupported by objective evidence" and was "solely based on her view" that the vaccination exacerbated her pain.  Medical records showed lab results and various treating doctors' conclusions setting forth other causes for her condition.  In short, "Petitioner had no reasonable expectation that she would prove that the flu vaccine caused her PTS . . . ."  Fee Dec. at 4.

Arguments

In her Motion for Review, Petitioner argues that at the time of filing she did have a reasonable basis to believe that the vaccination exacerbated her condition.  To support that position, Petitioner states that her symptoms were minimal prior to the vaccination.  Mot. for Rev. at 3.  However, there appears to be little support in the record for this statement. The medical history shows that at onset of her pain in August of 2014, prior to the

vaccination, Petitioner visited an Emergency Department complaining of right arm numbness with pain lasting for two days. Pet. Ex. 3 at 4. Later, Petitioner described that pain at onset as "outrageous" and quickly accompanied by weakness, to doctors from whom she sought a second opinion. Pet. Ex. 6 at 2. Petitioner fails to show any convincing evidence that her treating physicians suspected vaccination played a role in her condition. In short, Petitioner's Motion for Review cites very little evidence to support a finding of reasonable basis to file.

In the Memorandum in Response, Respondent makes the case that Petitioner had little reason to pursue her claim, citing evidentiary deficiencies in Petitioner's case. Respondent observes that "[w]here as here, the medical records themselves do not provide support for the claim, due diligence requires that the attorney make basic inquiries in order to determine if he or she will be able to support the claim through an independent expert opinion." Mem. in Resp. at 14. Respondent observes that the Vaccine Act's reasonable basis requirement calls for filing only of claims with some basis in fact, science, or law. Id. at 15.

## Discussion

In order to find an abuse of discretion in the Special Master's denial of fees in this case, a court would have to rule that a Special Master's decision was "clearly unreasonable," that it was based on an erroneous conclusion of law, "clearly erroneous," or that it contained no evidence on which the Special Master could have based her decision. Chuisano v. United States, 116 Fed. Cl 276, 284 (2014) (citing Murphy v. Sec'y Health & Human Servs., 30 Fed. Cl. 60, 61 (1993)). In this case, the Special Master notified Petitioner soon after filing that there were significant deficiencies in the evidence presented, and Petitioner chose to pursue the case without producing new evidence. The Vaccine Act in fact prohibits a special master from awarding compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In finally dismissing the case, the Special Master clearly explained the treating physicians' views of the causes of Petitioner's condition, none of which were related to the vaccination. This later resulted in the Fee Decision, finding the claim was filed without a reasonable basis.

For these reasons, the Court finds that the Special Master acted within her discretion in denying fees and costs, and her decision is hereby AFFIRMED. Accordingly, Petitioner's Motion for Review is DENIED.

IT IS SO ORDERED.

s/Thomas C. Wheeler<br>
THOMAS C. WHEELER<br>
Judge